IN THE UNITED STATES BANKRUPTCY COURT

United States Courts
Southern District of Texas
ENTERED

FOR THE SOUTHERN DISTRICT OF TEXAS

AUG 3 0 2005

HOUSTON DIVISION

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICIA BOYNTON GRIFFIN | ) | CASE NO. 04-38258-H3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court heard Debtor's Motion to Dismiss (Docket No. 24), Trustee's Objection to Debtor's Claim of Exemption (Docket No. 26), and Trustee's Application to Approve Marketing and Bidding Procedure (Docket No. 38). After review of the pleadings, responses and reply thereto, docket sheet, file in the above captioned proceeding, evidence and argument of counsel, the court renders the following Findings of Fact and Conclusions of Law and grants Debtor's Motion to Dismiss. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

1. On June 8, 2004, Patricia Boynton Griffin ("Debtor") filed a voluntary bankruptcy petition under Chapter 7. Docket No. 1.

2. Debtor claimed a homestead exemption of her residence on twenty-five (25) acres of real property located at 1043 FM 1486,

Magnolia, Texas 77354 ("Property").  Docket No. 1.  The Chapter 7
Trustee filed an objection to the exemption claiming that Debtor
transferred her title to this Property to JEPA Investment Group LP
("JEPA") on April 9, 2003.  Although Debtor is a partner in JEPA,
the Trustee argues that an individual debtor cannot claim a
homestead exemption in real estate that is owned by a partnership.

      3.  Debtor subsequently amended Schedule B, Personal
Property, and Schedule C, Property Claimed as Exempt, and claimed
her one-half partnership interest in JEPA, in addition to the
property, as a qualified exemption.   Docket No. 9 and Docket No.
20.   The filing of Debtor's Amended Schedule C rendered the
Trustee's objection to the exemption moot.  See Docket, Minutes of
Hearing on Objection to Exemption, 10/6/04.  Trustee then filed an
objection to Debtor's amended schedule and claimed exemptions, on
the same basis as the original objection.  Docket No. 26.  The
Chapter 7 Trustee also filed a motion to market the property and
ultimately sell it, with the proceeds to be distributed to
creditors.  Docket No. 38.

      4.  Debtor testified that she and Mr. Jerry Hayes are
equal partners in JEPA and both currently reside at the house
located on the Property.  Debtor and Mr. Hayes have been life long
friends who grew up together in the same town.  Both described
their relationship to the other as that of siblings.  Debtor
transferred the title of the home to JEPA when Mr. Hayes was
diagnosed with cancer.  Debtor cares for both Mr. Hayes and her

mentally handicapped adult daughter, who also resides at the Property. Debtor testified that she believed the transfer of the property to the Partnership was in the nature of an estate planning vehicle. She thought it would ensure that either she or Mr. Hayes would be able to maintain ownership of the property in the event something happened to either of them.

5. Debtor filed a Motion to Dismiss the chapter 7 case on October 6, 2004. She requested dismissal on the basis that she has a source of funds from an associate to satisfy much of her debt and that she would be able to make a fresh start outside of bankruptcy. Docket No. 24. Trustee filed an objection to the dismissal claiming that due to the amount of liabilities reflected in Debtor's schedules, over $6.7 million, there likely would be no funds on hand to satisfy her debt. As such, the Trustee alleges that dismissal would prejudice and delay creditors. Docket No. 25.

6. There appears to have been a miscommunication between Debtor and her attorney when she provided information to him to fill out her schedules. Debtor testified that she erroneously assumed certain liabilities from a previously owned business had to be listed on her schedules, resulting in greater liabilities listed than actually were required to be shown. Realizing the mistake, Debtor revised her schedules. The court notes that the actual amount of liabilities totals approximately $340,000. Docket No. 32. The Trustee has not addressed the effect of the reduction of Debtor's liabilities. He has continued to

-3-

pursue his objections to the claimed exemptions.

7.   Debtor testified that she was unaware of the possibility of losing her home when she transferred her homestead property to the Partnership.  The court found Debtor, who is 64 years old, to be a credible witness.  The court finds that Debtor had no significant understanding of the consequences of filing a bankruptcy petition under Chapter 7 while title to her homestead was in the name of the Partnership.  She testified that she would not have filed had she known that her home would not be eligible for an exemption.

8.  Debtor testified that she researched the possibility of debt repayment through consolidation programs and has a job opportunity that may provide income to help pay the creditors' claims outside of bankruptcy.  Mr. Hayes testified that he is willing to sell two parcels of certain real property that he owns separately.  According to Mr. Hayes, these properties have a combined value of approximately $90,000.  Both Mr. Hayes and Debtor testified that any funds received from the sale of these properties would be used to pay creditors.  They also testified that they would have no other place to live should the bankruptcy continue and the Trustee succeed in his objection to the homestead exemption.

9.  Balancing the equities between the parties involved, the court finds that Debtor would suffer a greater detriment than would creditors of the estate should the bankruptcy case continue.

-4-

The court finds that Debtor was credible in claiming that she prepared her schedules in good faith and that to the best of her ability they were accurate when she filed her petition.  She testified that she was trying to keep her home and did not understand all of the paperwork involved in filing her petition. The court finds that Debtor did not attempt to abuse the bankruptcy protection afforded to her by filing a chapter 7 proceeding.  The court finds that Debtor, in seeking dismissal of the Chapter 7 case, is not attempting to evade her creditors.  The court notes that, upon dismissal, creditors can avail themselves of any and all state court rights and remedies in connection with any claims they might have against the Debtor.

        10.   Given the specific facts of this case and in balancing the equities, the court finds that dismissal of the bankruptcy proceeding would be in Debtor's best interest and would not be prejudicial to her creditors.  Accordingly, this chapter 7 bankruptcy petition is dismissed.  As such, Trustee's Objection to Debtor's Claim of Exemption (Docket No. 26) and Application to Approve Marketing (Docket No. 38) are moot.

<u>Conclusions of Law</u>

        1.   11 U.S.C. § 707(a) is the pertinent provision of the Bankruptcy Code applicable to Debtor's request for dismissal. Section 707(a) states:

> ...[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
> (1)unreasonable delay by the debtor that is prejudicial

to creditors;
(2) nonpayment of any fees and charges required under
chapter 123 of title 28 [28 USC §§ 1911 et seq.]; and
(3) failure of the debtor in a voluntary case to file,
within fifteen days or such additional time as the court
may allow after the filing of the petition commencing
such case, the information required by paragraph (1) of
section 521, but only on a motion by the United States
trustee.

11 U.S.C. § 707(a).

2. The requirement of cause under subsection (a) is also
applied when the debtor seeks dismissal of a voluntary case. Cause
may simply be that dismissal is in the best interest of the debtor
and not prejudicial to creditors. 6 *Collier on Bankruptcy* ¶
707.03[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.
2005).

3. The Bankruptcy Code does not provide an express
provision which sets forth requirements for a voluntary dismissal
of a petition in bankruptcy, therefore, the dismissal is determined
by equitable principles. *In re Blue,* 4 B.R. 580 (Bankr. D. Md.
1980). The court must balance the equities and weigh the benefits
and prejudices of a dismissal. *Id* at 584.

4. The ability to grant or deny a motion to dismiss a
petition in bankruptcy lies within the discretion of the bankruptcy
judge. *See, e.g., In the Matter of Atlas Supply Corp.,* 857 F.2d
1061 (5th Cir. 1988). For the reasons stated above, the case is
dismissed.

5. The purpose of a Chapter 7 discharge is to provide
the Debtor with a "fresh start." *In re Ichinose,* 946 F.2d 1169 (5th

-6-

Cir. 1991).  Given Debtor's current circumstances, continuing the bankruptcy proceedings would likely result in the loss of her home and prevent the "fresh start" that she needs.

Based on the above and foregoing findings of fact and conclusions of law, the court will enter a separate Judgment in conjunction herewith, dismissing Debtor's chapter 7 bankruptcy proceeding.

SIGNED at Houston, Texas on this _____30_____ day of August, 2005.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE